**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10249**
**Summary Calendar**
_____

**GEORGE G. JACKSON,**

**Plaintiff-Appellant,**

**versus**

**HOUSTON GENERAL INSURANCE COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:96-CV-819-Y)**
_____

July 25, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

George G. Jackson, *pro se*, appeals the dismissal, pursuant to
FED. R. CIV. P. 12(b)(6), of his complaint against Houston General
Insurance Company (HGIC). Jackson alleged in his complaint that
HGIC offered him a position as a consultant, but withdrew the offer
after he requested that HGIC accommodate his disability by allowing
him to "dress business casual without a tie". (The complaint does
not specify the nature of Jackson's disability; in his brief,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jackson states that, as a result of injuries sustained in an automobile accident, one of his legs is shorter than the other.) Jackson claimed that HGIC's refusal to grant the requested accommodation violated the Americans with Disabilities Act; and that it also violated Title VII, because HGIC does not require female employees to wear neckties.

Needless to say, Jackson failed to state a claim under Title VII; an employer does not violate Title VII by imposing different grooming and dress standards for male and female employees. *See Willingham v. Macon Telegraph Publishing Co.*, 507 F.2d 1084, 1092 (5th Cir. 1975) (en banc); *Fountain v. Safeway Stores, Inc.*, 555 F.2d 753, 755-56 (9th Cir. 1977). And, Jackson failed to state a claim under the ADA, because he did not allege that he suffers from an impairment that substantially limits one or more of his major life activities. *See Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 190 (5th Cir. 1996).

Accordingly, the judgment dismissing Jackson's complaint is

*AFFIRMED.*